IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES H. MCCLENTON<br>TDCJ-CID #566986 | § § § | |
| VS. | § § | C.A. NO. C-05-451 |
| TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE, ET AL. | § § § | |

**MEMORANDUM AND RECOMMENDATION
TO VOLUNTARILY DISMISS PLAINTIFF'S ACTION**

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983 on September 2, 2005. (D.E. 1). Plaintiff also simultaneously filed a motion to proceed *in forma pauperis* in this action. (D.E. 2). On September 12, 2005, plaintiff was sent a notice of deficient pleading related to his motion to proceed *in forma pauperis*. In response to this notice, plaintiff did not file his inmate account statement. Instead, he sent a letter to the clerk's office dated September 20, 2005. (D.E. 8).

The complaint contains illegible writing that alludes to psychotic problems and demons. Moreover, the typewritten portion of the complaint is no easier to understand. For example, he writes that "I be put in some kind of hypnosis spell and the UTMB Psych say's they don't know what it is. But I feel all them know what I know? Thtas all right for now." (D.E. 1, at 5). He further explains that "I hear all kind of stuff coming from a computerized person(s)." Id.

In his September 20, 2005 letter, plaintiff begins by explaining "[t]his is my last words and letter. I just want to say this to you at this time. I am a psych patient and I have very and hard way of explaining myself if I write it to you. I did received some for from your office. And what I am about to say is I also take psych meds." (D.E. 8). Most important, he explicitly states that "[a]t this given time, I James Harold McClenton do not want to continue this civil action no: C-05-451." Id.

Plaintiff's letter appears to seek a voluntary dismissal of his lawsuit. The Fifth Circuit has established that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted); accord United States v. Dow Chem. Co., 343 F.3d 325, 330 (5th Cir. 2003).

Rule 41 of the Federal Rules of Civil Procedure provides for the voluntary dismissal of an action:

> (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless

2

> otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
>
> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, <u>an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper</u>. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a) (emphasis added); <u>see</u> <u>also</u> <u>Dow Chem.</u>, 343 F.3d at 328-29 ("Federal Rule of Civil Procedure 41(a)(2) permits dismissal of a complaint without prejudice 'upon order of the court and upon such terms and conditions as the court deems proper.'"). Because plaintiff has neither filed a voluntary dismissal, nor has a stipulation of dismissal been filed, Rule 41(a)(1) is inapplicable.

Nonetheless, voluntary dismissal of plaintiff's lawsuit seems proper. First, he specifically indicated that he did not want to proceed with the litigation after explaining about the serious mental health issues that he faces. Moreover, defendants have not been served yet so there does not appear to be any prejudice to

3

them. Finally, it is uncertain whether plaintiff would be able to proceed in a competent manner in light of his current mental condition.

Therefore, it is respectfully recommended that plaintiff's action be voluntarily dismissed without prejudice. Moreover, it is respectfully recommended that his motion to proceed *in forma pauperis* be denied as moot.

Respectfully submitted this 28th day of September 2005.

```
                              _____
                              BRIAN L. OWSLEY
                              UNITED STATES MAGISTRATE JUDGE
```

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 8(b)(3), Rules Governing § 2254 Cases, and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).